IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ENSOCARE INC., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 5:20-cv-00306-MTT |
| ) | |
| ENSOCARE: HOLISTIC MENTAL ) | |
| HEALTH SERVICES LLC, ) | |
| ) | |
| Defendant ) | |

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(1) AND/OR 12(b)(6)**

Defendant Ensocare: Holistic Mental Health Services LLC respectfully submits this Memorandum of Law in Support of its Motion to Dismiss.

In the Complaint, Plaintiff makes statements alleging infringement of U.S. Trademark Registration No. 4414693 (the "Stylized Ensocare Mark"). While the Plaintiff alleges that it owns the Stylized Ensocare Mark, the conclusive evidence provided by Plaintiff's Exhibit A explicitly shows that the Stylized Ensocare Mark is owned by a different entity, necessitating that Plaintiff does not have standing and that this Court does not have subject matter jurisdiction. As a result of Plaintiff's lack of ownership, the Plaintiff also fails to state a cause of action upon which relief can be granted to it.

1

Additionally or alternatively, as discussed herein, Plaintiff attempts to state a claim under 15 U.S.C. § 1114 for infringement of a stylized federal trademark registration when its own allegations necessitate that such a claim cannot exist.

For at least the reasons set forth herein, Defendant respectfully requests that the Court dismiss the entire action under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and/or Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## LEGAL ARGUMENT

### I. This Court does not have Subject Matter Jurisdiction and this case must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

#### A. Standard of Review

"Federal courts are courts of limited jurisdiction." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). A party invoking federal jurisdiction thus "bears the burden of establishing its existence." *Parker v. Scrap Metal Processors, Inc.*, 386 F.3d 993, 1003 (11th Cir. 2004). Accordingly, the Federal Rules of Civil Procedure require a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction". Fed. R. Civ. P. 8(a)(1).

Whether a plaintiff has standing to assert a particular claim is a "threshold question in every federal case." *CAMP Legal Defense Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1269 (11th Cir. 2006). "[S]tanding cannot be `inferred argumentatively from averments in the pleadings,' but rather `must affirmatively appear in the record.'" *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, 110 S.Ct. 596, 608, 107 L.Ed.2d 603 (1990).

"To bring a trademark infringement claim under the Lanham Act, a plaintiff must hold a valid trademark." *Natural Answers, Inc. v. SmithKline Beecham Corp.*, 529 F.3d 1325, 1329 (11th Cir.2008); *see also Gaia Technologies, Inc. v. Reconversion Technologies, Inc.*, 93 F.3d 774, 777

(Fed.Cir.1996) (holding that a party lacks standing to assert a trademark infringement claim "[a]bsent ownership of the intellectual property"). If a plaintiff lacks standing to bring an action, subject matter jurisdiction is absent and the court must dismiss the case. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974-75 (11th Cir. 2005); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

    **B. Dismissal of this case is required pursuant to Fed. R. Civ. P. 12(b)(1) because Plaintiff has not provided the required statement of grounds for subject matter jurisdiction and because the record affirmatively establishes that this court lacks subject matter jurisdiction as a matter of law because Plaintiff does not own the Stylized Ensocare Mark.**

Plaintiff identifies itself as "Ensocare, Inc. ('Ensocare')" and alleges that it "is the registered owner of its stylized trademark 'ENSOCARE,' Registration No. 4414693[.]" Complaint at ¶ 5. However, the record established by Plaintiff's Exhibit A (attached to and incorporated within the Complaint) explicitly and affirmatively indicates that such an assertion is not plausible on its face because a different entity is the registered owner of the Stylized Ensocare Mark. Thus, subject matter jurisdiction is not present under these circumstances. *See FW/PBS, Inc.*, 493 U.S. at 231, 110 S.Ct. at 608 (subject matter jurisdiction cannot be "inferred argumentatively from averments in the pleadings," but rather "must affirmatively appear in the record").

According to Plaintiff's Exhibit A, attached to and incorporated within the Complaint, the Registrant and Current Owner is Twilightliving.com, Inc., a corporation incorporated in the State of Washington. Plaintiff's Exhibit A also shows that the same Registrant, Twilightliving.com, Inc., filed a combined Section 8 & 15 Declaration on April 30, 2019, which was accepted by the USPTO on July 11, 2019.

Normally, registration of a mark is prima facie evidence of the identified owner's ownership of the mark. 15 U.S.C. § 1057(b). However, when a registrant files a declaration of

incontestability under Section 15, the resulting incontestable registration is "conclusive evidence" that the registrant owns the mark. 15 U.S.C. § 1115(b).

Applying these well understood concepts to the facts set forth in Plaintiff's Exhibit A, registration of the Stylized Ensocare Mark on October 8, 2013 was prima facie evidence that Twilightliving.com, Inc., a Washington corporation, owned the Stylized Ensocare Mark on October 8, 2013. Furthermore, when Twilightliving.com, Inc. filed a declaration of incontestability under Section 15 on April 30, 2019, the USPTO's acceptance of the same was conclusive evidence that Twilightliving.com, Inc. owned the mark on April 30, 2019. Thus, the Plaintiff's own evidence serves as both prima facie evidence and conclusive evidence that Plaintiff <u>was not and is not</u> the registered owner of the Stylized Ensocare Mark.

Furthermore, even if Plaintiff acquired the Stylized Ensocare Mark sometime after the April 30, 2019 declaration of incontestability filed by Twilightliving.com, Inc., and before August 4, 2020, when the instant action was filed, Plaintiff would have no right to sue for alleged infringement that began in July 2018, which is necessarily before the Plaintiff could have acquired the mark in May 2019. *See Thompson v. Does 1-5*, 376 F. Supp. 3d 1322, 1327 (N.D. Ga. 2019) ("It would defy principles of standing and causation for a trademark plaintiff to assert infringement of a trademark right that he did not have at the time the alleged infringement occurred simply because he later acquired the rights to the infringed mark.")

In light of the above and based on Plaintiff's Complaint and Exhibit A attached thereto, this Court should dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) as a matter of law.

**II.     Plaintiff has failed to state a claim upon which relief can be granted and this Court should dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).**

**A. Motion to Dismiss Standard**

The Federal Rules of Civil Procedure require a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter to "`state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015) (internal quotation marks and citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not `show[n]' — `that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937 (quoting Fed. R. Civ. P. 8(a)(2)).

Ultimately, the complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (internal quotation marks and citation omitted). "To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir.2004).

**B. In the event that this Court does not view the Plaintiff's lack of ownership as a standing issue involving subject matter jurisdiction, it should instead dismiss Claim I under Fed. R. Civ. P. 12(b)(6) for failing to state a statutory cause of action.**

"[A] statutory cause of action extends only to plaintiffs whose interests `fall within the zone of interest protected by the law invoked.'" *Lexmark Int'l, Inc v. Static Control Components, Inc.*, 572 U.S. 118, 129, 134 S.Ct. 1377, 188 L.Ed.2d 392 (2014). "The initial burden is upon the complainant to establish its cause of action." *Jazz Photo Corp. v. ITC*, 264 F.3d 1094, 1102 (Fed.Cir.2001).

In the case of alleged trademark infringement, the cause of action is only provided to owners of the mark. *See Wal-Mart Stores, Inc. v. Samara Brothers, Inc.*, 529 US 205, 209 (2000) ("Registration of a mark under § 2 of the Lanham Act, 15 U. S. C. § 1052, enables the owner to sue an infringer under § 32, 15 U. S. C. § 1114") (emphasis added); *see also* 15 U.S.C. § 1114 ("Any person who shall, without of the consent of the registrant - [perform infringing acts] shall be liable in a civil action by the registrant…" (emphasis added).

As set forth above, the Plaintiff is not the owner and has affirmatively shown that another entity is the registered owner of the Stylized Ensocare Mark. Without an ownership interest in an allegedly infringed mark, the Plaintiff has no cause of action pursuant to section 35 U.S.C. § 1114, let alone a "plausible claim for relief." For at least this reason, this Court should dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted to the Plaintiff.

**C. The Weak Stylized Ensocare Mark cannot be asserted against non-competitor Defendant.**

The Complaint includes allegations pertaining to the Stylized Ensocare Mark ( ENSOcare ) that has "the letter 'O' not being a solid circle but having burst strokes." *See* Complaint at ¶ 5.

6

Previous courts have determined that similar usage of the letter "O" in a mark results in a weak mark that is afforded a narrow scope and very limited protection. *See, e.g.,*

*Star Indus., Inc. v. Bacardi & Co.*, 412 F.3d 373, 383 (2d Cir. 2005):

> "the extent of stylization [of the letter "O"] was marginal at best. The outline of the 'O,' though not uniform, is ordinary in its slightly varying width, and the interior and exterior borders are also ordinary. The result is a "thin" or weak mark, which will be entitled to only limited protection.";

*One Industries, LLC v. Jim O'Neal Distributing*, 578 F. 3d 1154, 1165 (9th Cir. 2009):

> "In the absence of evidence of actual confusion or intent to deceive, we decline to grant O'Neal a virtual monopoly on the use of the letter "O" on motorcycle helmets. The mere fact that the two companies are direct competitors and happen to use the same letter on their products is not sufficient to show infringement."; and

*Brockmeyer v. The Hearst Corporation*, 248 F. Supp. 2d 281, 296 (S.D. NY 2003):

> "The only common element of the marks used by the plaintiff and the defendants is the use of the letter "O". However, simply because they contain this common element does not mean that they are "similar" for the purpose of assessing confusion under the Polaroid factors."

The weak Stylized Ensocare Mark cannot be asserted against non-competitors. *See American Intern. Group, Inc. v. American Intern. Bank*, 926 F.2d 829, 836, 17 U.S.P.Q.2d 1907 (9th Cir. 1991) ("Strong marks are sometimes protected against use on noncompeting goods; weak marks never are.") (citing 3A R. Callman, supra p. 835, Sec. 20.43, at 345 ("Only a strong mark will be protected against the defendant's use on noncompeting goods.")); *see also ChiChi's Inc. v. Chi-Mex., Inc.*, 568 F.Supp. 731, 736, 221 U.S.P.Q. 906 (W.D. Pa. 1983) ("A weak mark will protect only similarly marketed goods, whereas a strong mark may be applied to protect noncompeting products"); *see also Bobak Sausage Co. v. A & J Seven Bridges, Inc.*, 805 F.Supp.2d 503, 518 (N.D.Ill. 2011) ("If the mark is weak, its protection may have an `extremely narrow scope'; and may indeed be limited to similar goods similarly marketed. Only the strong

mark will be protected against infringements arising out of its use in connection with non-competing goods.") (quoting *Telemed Corp. v. Tel-Med, Inc.*, 588 F.2d 213, 219 (7th Cir.1978)).

In its Complaint, Plaintiff alleges that it and Defendant are not competitors, with Plaintiff providing services to hospitals and medical care providers, and Defendant allegedly providing services to different customers. *See* Complaint at ¶¶ 4, 17, & 19. Given that the Stylized Ensocare Mark is a weak mark, the protection afforded from the same cannot extend to Defendant's noncompeting services. Accordingly, the present action should be dismissed because the weak Stylized Ensocare Mark cannot be asserted against noncompetitor Defendant. Because Plaintiff attempts to do exactly what it cannot, the Plaintiff's claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### D. Plaintiff has failed to properly allege the elements of a cause of action under 15 U.S.C. § 1114.

A cause of action under 15 U.S.C. § 1114 requires the Plaintiff to plead that the Defendant, (1) without the Registrant's consent, (2) used a reproduction, counterfeit, copy or colorable imitation of a registered mark in commerce and in connection with the sale, offering for sale, distribution, or advertising of any goods or services in such a way that is likely to cause confusion or mistake. *See* 15 U.S.C. § 1114(1)(a).

#### 1. Defendant has not done anything without the Registrant's consent.

Plaintiff does not make any allegations that Defendant has done anything without the Registrant's consent. *See generally* Complaint. Instead, Plaintiff alleges that it "sent a cease and desist demand letter to [Defendant] via email and mail on August 15, 2019." Complaint at ¶ 13. Plaintiff acknowledges that the Defendant immediately took affirmative steps to avoid any issues with Plaintiff, even though not legally required to do so, including on "[t]he very next day, August 16, 2019, [Defendant] filed with the Georgia Secretary of State a name change." Complaint at ¶

8

14. Thereafter, Plaintiff does not allege that it made any actions or conveyed any correspondence to Defendant between August 2019 and August 2020, when the present action was filed. *See generally* Complaint.

Plaintiff's allegations evidence Plaintiff's request for action by Defendant, a name change completed by Defendant within 24 hours of such a request, and a year of no correspondence or activity thereafter. At the very least, these allegations dictate an implied license as a matter of law. *See Menendez v. Holt*, 128 U.S. 514, 524, 9 S.Ct. 143, 145, 32 L.Ed. 526 (1888) ("consent by the owner to use of his trademark by another is to be inferred from his knowledge and silence").

An implied license can be revocable at will. *See Coach House Restaurant v. Coach and Six Restaurants*, 934 F. 2d 1551, 1563 (11th Cir. 1991). However, Plaintiff has made no assertions that anything was done or communicated to Defendant since August 2019 to revoke the implied license. Thus, the implied license existed and continued up to the filing date of this action, August 4, 2020.

In order for Plaintiff to properly state a claim for trademark infringement, the Defendant's allegedly infringing activities must have occurred after termination of the implied license and prior to commencement of the present action. Here, because the allegations set forth in the Plaintiff's Complaint necessitate that the implied license existed and continued until August 4, 2020, Plaintiff's claim for trademark infringement fails as a matter of law. *See Professional Golfers Ass'n of America v. Bankers Life & Casualty Co.*, 514 F.2d 665, 670 (5th Cir. 1975) (only use subsequent to a terminated license can constitute infringement). Accordingly, this Court should dismiss the Complaint and this action with prejudice.

**2. Plaintiff cannot allege a cause of action under 15 U.S.C. § 1114 because Defendant has not used a reproduction, counterfeit, copy or colorable imitation of the Stylized Ensocare Mark.**

Plaintiff pleads the following:

- Defendant "uses 'Ensocare' to brand its offering of electronic healthcare services that can be accessed and scheduled online once an account is created." Complaint at ¶ 17. The cited Exhibit D shows the following "branding":



- Defendant has a Facebook page that "shows that life coaching is made available through e-learning courses, all labeled under the infringing 'Ensocare' label." Complaint at ¶ 19. The cited Exhibit F shows the following "labeling":



The alleged "branding" and the alleged "labeling" shown above are <u>not</u> reproductions, counterfeits, copies, or colorable imitations of the Stylized Ensocare Mark (ENSOCare) that has "the letter 'O' not being a solid circle but having burst strokes." *See* Complaint at ¶ 5.[1]

While pursuing its trademark application, the registrant of the Stylized Ensocare Mark disclaimed a solid circle "O". *See* Complaint at ¶ 5 ("the letter 'O' not being a solid circle but

---

[1] In the Complaint, the Plaintiff does not allege that Defendant has reproduced, counterfeit, copied, or made a colorable imitation of a registered mark. *See generally* Complaint. As shown herein, the Defendant's alleged "branding" and "labeling" are not identical to the Stylized Ensocare Mark and therefore are not reproductions, counterfeits, or copies of the same, as a matter of law. *See, e.g.*, 15 U.S.C. § 1127 ("A "counterfeit" is a spurious mark which is identical with, or substantially indistinguishable from, a registered mark."). Plaintiff seems to concede the same, and instead alleges that Defendant used "variations" of the Stylized Ensocare Mark. *See* Complaint at ¶ 24.

having burst strokes."). Even if Plaintiff and Defendant were competitors and the weak Stylized Ensocare Mark could be asserted against Defendant, the alleged "variations" are not colorable imitations of the Stylized Ensocare Mark. Namely, neither the alleged "branding" nor "labeling" utilize the claimed letter "O" that is "not being a solid circle" – instead, both of the Defendant's "branding" and "labeling" utilize the very "solid circle" that was disclaimed in and excluded from the Stylized Ensocare Mark.

Thus, because the registrant of the Stylized Ensocare Mark cannot assert rights to the disclaimed and excluded subject matter, the alleged "branding" and "labeling" cannot be colorable imitations of the Stylized Ensocare Mark, and a cause of action cannot be asserted regarding the same. *See In re Wada*, 194 F.3d 1297, 1301 (Fed.Cir.1999) (Disclaiming components prevents the applicant from asserting exclusive rights in the disclaimed components). The allegations set forth in the Complaint necessitate the absence of a claim upon which relief may be granted and this action should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

### E. **Plaintiff cannot prevent Defendant from using its lawfully obtained business name.**

Ultimately, Plaintiff's claim is not one seeking remedy for infringement of a stylized federal trademark registration, but is instead one attempting to prevent Defendant from using its lawfully obtained business name.[2] *See* Complaint at ¶ 25 ("[Defendant]'s conduct constitutes infringement… in at least any of the following ways: … [u]sing 'Ensocare' in its name … continuing to use 'Ensocare' in relation to mental healthcare services … [u]sing 'Ensocare' as part of its domain name … [and] [a]ll other use of 'Ensocare'").

---

[2] Additionally, although not legally required, Defendant's name was changed in August 2019 in good faith to obviate this present action. *See* Complaint at ¶ 14.

As a stylized mark, the Stylized Ensocare Mark necessarily offers less protection than a standard character mark. Importantly, the Stylized Ensocare Mark does not allow the registrant to prevent other entities from inserting "Ensocare" into their legally obtained business names. If Plaintiff truly "provides its services to clients throughout the United States, including providing services to clients in Georgia" – as it alleges (Complaint at ¶ 8) - it could have and should have registered its business name and/or trade name in Georgia, which would have prevented Defendant from being able to lawfully select its past and present business names. However, based on Plaintiff's allegations, Defendant was the first to lawfully register its business name in Georgia. Accordingly, Plaintiff cannot now utilize a stylized trademark registration to prevent Defendant from having a similarly named entity lawfully registered to do business in Georgia. Because Plaintiff now attempts to do that which the stylized registration does not permit, this matter should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

**F. This Court should dismiss Plaintiff's Claim II pursuant to Fed. R. Civ. P. 12(b)(6) because it fails to state any cause of action and instead merely requests a remedy of injunctive relief.**

Claim II is in its entirety a request for injunctive relief. *See* Complaint at ¶¶ 28-32.

It is well settled that injunctive relief is a remedy, and not a cause of action. *See*, *e.g.*, *Benavides v. Gartland*, No. 5:20-cv-46, (S.D. Ga. April 18, 2020) and *Brown v. Bank of America, NA*, No. 2:12-CV-00132-RWS, FN 3 (N.D. Ga. Feb. 19, 2013) (both citing *Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1127 (11th Cir. 2005)).

Acccordingly, Claim II should be dismissed for failing to state a cause of action.

## CONCLUSION

As discussed herein, Plaintiff's attempt to plead a federal trademark claim fails as a matter of law. Accordingly, Defendant respectfully requests dismissal of this action with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6).

Dated: September 7, 2020     Respectfully submitted,

**Steven Stewart LLC**
By: /s/ Steven Stewart
**Steven Stewart**
Georgia Bar No. 719301

*Attorney for Defendant Ensocare: Holistic Mental Health Services LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 7th day of September, 2020, the foregoing document was electronically filed using the CM/ECF system, which will send notification of such filing to all counsel and parties of record.

Dated: September 7, 2020

/s/ *Steven Stewart*
Steven C. Stewart
Georgia Bar No. 719301
5550 Hastings Terrace
Alpharetta, Georgia 30326
(206) 321-9072 – telephone
stewartiplaw@me.com